## Joseph W. Fitzpatrick, Appellant, v. Lincoln Savings and Trust Company.

*Contract—Corporation—Solicitor—Compensation.*

Where a corporation elects a solicitor and subsequently adopts a resolution " that the solicitor's salary shall begin when he is notified that his services are required by the company," and the solicitor accepts the resolution, but no notice that his services are required is ever given to him, he cannot recover any salary.

Argued Jan. 16, 1900. Appeal, No. 299, Jan. T., 1899, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 1312, on verdict for defendant. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit for salary. Before McCARTHY, J.

At the trial it appeared that on March 13, 1895, plaintiff was elected solicitor of the defendant company, which was then known as the Contractors Surety, Title & Trust Company. On April 27, he received the following letter:

"PHILADELPHIA, April 27, 1895.

"JOSEPH W. FITZPATRICK, Esq.,

"110 South Fourth Street:

"Dear Sir: I beg to advise you that at a meeting of the board of directors of the 'Contractors Surety, Title and Trust Company,' held on the 22d inst., it was resolved that the solicitor's salary shall begin when he is notified that his services are required by the company.

"Yours truly,

"JAMES R. CALHOUN, Secretary."

On May 6, 1895, he wrote to the company as follows:

"At this time I also beg to notify you of the receipt of a communication from your secretary, dated April 27, 1895, informing me that a resolution had been passed by your body 'that the solicitor's salary shall begin when he is notified that his services are required by the company.' While this resolution is very broad and indefinite, I accept it if it is the desire of the board to have it remain as it now stands.

"JOSEPH W. FITZPATRICK."

The company never notified the plaintiff that his services were required, and in the following October the office of solicitor was abolished.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was (1) in directing a verdict for defendant.

*Thomas F. McMahon*, for appellant.

*Alex. Simpson, Jr.*, for appellee.

PER CURIAM, February 5, 1900:

While the conduct of the defendant towards the plaintiff was seemingly ungracious and ungenerous, in view of the amount of service actually rendered by the plaintiff, it must be conceded that as the action is founded upon an express contract he must abide by its positive terms. This is not an action based upon a quantum meruit, and hence proof of the value of the services rendered was not relevant. When the plaintiff accepted in writing the resolution "that the solicitor's salary shall begin when he is notified that his services are required by the company," he consented that the condition this imposed should constitute a part of his contract. Having never received such a notice the time for the commencement of his salary to run never arrived. We see no way to avoid this conclusion in an action founded upon the contract. This view renders unnecessary the consideration of the numerous errors assigned.

Judgment affirmed.